IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MATTHEW T. FITZGERALD,

                 OPINION AND ORDER

      Plaintiff,

                   13-cv-405-bbc

  v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

      Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   This is an appeal of an administrative decision denying plaintiff Matthew T. Fitzgerald's claim under the Social Security Act, 42 U.S.C. § 405(g), for disability benefits and supplemental security income. Plaintiff alleged that he suffered from a number of impairments such as degenerative disc disease, coronary artery disease and lateral epicondylitis, but the administrative law judge concluded that plaintiff was not disabled because he retained the ability to perform a number of jobs, such as telephone solicitor, information clerk and counter clerk.

   Plaintiff argues that a remand is required because the administrative law judge erred by (1) failing to adequately consider whether plaintiff's degenerative disc disease met or equaled listing 1.04 for "disorders of the spine" in 20 C.F.R. Part 404, Subpart P, Appendix 1; (2) making an improper credibility assessment; (3) giving inadequate weight to the opinion of plaintiff's treating physician; (4) failing to explain the scope of plaintiff's sitting

1

and standing limitations; and (5) failing to resolve a conflict between the Dictionary of Occupational Titles and the vocational expert's testimony.

Because I agree with most of plaintiff's arguments, I am remanding the case for further proceedings. However, with respect to plaintiff's argument about his sitting and standing limitations, the commissioner argues in her opposition brief that the administrative law judge addressed this issue by including it in his hypothetical question to the vocational expert. AR 58 ("And if this individual also required a sit/stand option, which I would define as being allowed to sit or stand alternatively, at will, provided he's not off task more than 10 percent of the workday, would that change your answer?"). Plaintiff omits this issue from his reply brief, so I will assume that he has abandoned it. Bonte v. U.S. Bank, N.A., 624 F.3d 461, 466 (7th Cir. 2010).

OPINION

A. Listed Impairment

If the administrative law judge determines that the claimant has a "severe" impairment within the meaning of 20 C.F.R. § 404.1520, she must determine next whether the impairment "meets or equals a listed impairment" in 20 C.F.R. Part 404, Subpart P, Appendix 1. If it does, the claimant is disabled as a matter of law. 20 C.F.R. § 404.1509. In this case, plaintiff argues that the administrative law judge failed to adequately consider whether plaintiff had an impairment that met or equaled Listing 1.04(A):

> 1.04 Disorders of the spine (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet

arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord.

With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

The administrative law judge's only discussion of this listing was one sentence in which he concluded without explanation that plaintiff's impairments "do not meet the severity requirements" of the listing. AR 25. Plaintiff relies on Ribaudo v. Barnhart, 458 F.3d 580, 583 (7th Cir. 2006), for the proposition that a remand is required when an administrative law judge provides only a "perfunctory analysis" of a particular listing and she cites various pieces of evidence to support an argument that his degenerative disc disease meets all the requirements of the listing. The commissioner offers up her own reasons for why she believes that plaintiff's back impairment does not meet or equal Listing 1.04(A), but it is well established that commissioner may not make up reasons for the administrative law judge on appeal. Spiva v. Astrue, 628 F.3d 346, 353 (7th Cir. 2010). Accordingly, I am remanding the case to allow the administrative law judge to reconsider this issue.

## B. Credibility

The administrative law judge noted several reasons for questioning plaintiff's credibility regarding the intensity, persistence and limiting effects of his impairments: (1) plaintiff was inconsistent in the way he described his ability to perform daily activities; (2)

3

he gave different explanations for the cause of his cervical injury; (3) plaintiff was receiving unemployment benefits at the same time he was seeking disability benefits; and (4) plaintiff continued to smoke even though he was told he needed to quit before he could undergo surgery on his spine. AR 27.

The commissioner does not attempt to defend the administrative law judge's second and third reasons for questioning plaintiff's credibility, so I will not consider those. With respect to plaintiff's failure to quit smoking, the administrative law judge quoted a passage from Sias v. Secretary of Health & Human Services, 861 F.2d 475, 480 (6th Cir. 1988):

> Each of us faces myriads of choices in life, and the choices we make, whether we like it or not, have consequences. If the claimant in this case chooses to drive himself to an early grave, that is his privilege—but if he is not truly disabled, he has no right to require those who pay social security taxes to help underwrite the cost of his ride.

In addition, the administrative law judge wrote that "[t]he claimant continues to choose to smoke rather than undergo necessary surgery and so must accept the consequences of that choice." AR 28. The administrative law judge did not explain how plaintiff's failure to quit smoking relates to credibility; the discussion of this issue seems to be more about personal responsibility than it is about truthfulness. However, the logic may be that plaintiff's pain and other symptoms cannot be as bad as he says they are if he refuses to do what it takes to get surgery that could help his problem.

In response, plaintiff cites Shramek v. Apfel, 226 F.3d 809, 813 (7th Cir. 2000), in which the court stated that

> [I]t is extremely tenuous to infer from the failure to give up smoking that the claimant is incredible when she testifies that the condition is serious or

4

painful. Given the addictive nature of smoking, the failure to quit is as likely attributable to factors unrelated to the effect of smoking on a person's health. One does not need to look far to see persons with emphysema or lung cancer—directly caused by smoking—who continue to smoke, not because they do not suffer gravely from the disease, but because other factors such as the addictive nature of the product impacts their ability to stop. This is an unreliable basis on which to rest a credibility determination.

The commissioner does not address <u>Shramek</u> in her brief. Instead, she attempts to shift the discussion away from smoking by citing testimony from the hearing in which plaintiff acknowledged that he had not yet scheduled the surgery even though he found a doctor who may be willing to do the surgery even if plaintiff continues to smoke. AR 47. The commissioner argues that plaintiff's failure to have the surgery under these circumstances made it reasonable for the administrative law judge to conclude that plaintiff was exaggerating his pain.

There are two problems with this argument. First, plaintiff did not testify that he was unwilling to have the surgery; rather, he said that "it's a matter of when [the surgeon] has an opening." AR 47. Thus, it is not reasonable to infer from plaintiff's testimony that he is refusing to undergo the surgery. Second, the administrative law judge said nothing in his decision about the other surgeon plaintiff found; the administrative law judge focused solely on plaintiff's failure to quit smoking. Again, the commissioner may not make up new reasons to justify the commissioner's decision on appeal.

This leaves the alleged inconsistencies in plaintiff's statements. The administrative law judge identified two:

- in "disability/function reports," plaintiff said that he could take care of himself, perform household chores, shop and attend medical appointments,

5

        but at the hearing, he said he "cannot do much of anything" and spent most of his day napping, watching television and using the computer;

- At one point, plaintiff reported that he could not walk more than ten minutes; at other points, he reported that he walked 20 minutes daily and could shop for an hour multiple times a week.

AR 27.

      I agree with plaintiff that the administrative law judge overstated any inconsistencies between plaintiff's different descriptions of his daily activities. In both his report and his testimony, plaintiff stated that he could perform some chores but not many of them and not for a long period of time. AR 50-51, 231-39. Further, plaintiff did not say that he could not walk more than ten minutes; he said, "if I stand longer than . . . 10-15 minutes, I start feeling it." AR 51. That statement is not inconsistent with other statements that plaintiff had the ability to walk for a longer period of time.

      In sum, because the administrative law judge did not build an "accurate and logical bridge" between the evidence and his credibility determination, Castile v. Astrue, 617 F.3d 923, 929 (7th Cir. 2010), I am remanding the case for that reason as well.

### C. Treating Physician

      Plaintiff challenges two aspects of the administrative law judge's handling of the opinion of plaintiff's treating physician, Marty Mozena. First, plaintiff says that the administrative law judge did not explain why he was rejecting Mozena's opinion that plaintiff would be absent from work at least two days each month because of his impairments. Second, the administrative law judge did not explain why he took Mozena's

finding that plaintiff has "significant" limitations in his left hand related to grasping, twisting, turning objects, fine manipulation and reaching , AR 792, and changed the finding in the residual function capacity assessment to say that plaintiff was precluded from doing *any* over-head reaching (but not other kinds of reaching) and that he could perform "occasional" handling and fingering. AR 25.

The administrative law judge is required to give a good reason for rejecting a treating physician's opinion, Scott v. Astrue, 647 F.3d 734, 739, 647 F.3d 734 (7th Cir. 2011), and he failed to do that with respect to the issues plaintiff raises. The administrative law judge said that Mozena's opinion was speculative and not consistent with plaintiff's daily activities, but he did not explain how he reached these conclusions. Although the commissioner provides possible reasons in her brief, again, that was too late.

### D. Conflict with Dictionary of Occupational Titles

In his residual functional capacity assessment, the administrative law judge found that plaintiff was limited to sedentary work that involved simple, routine and repetitive tasks and, as noted above, that plaintiff was limited to occasional handling and fingering with his left hand. AR 25. Using that assessment, the vocational expert determined that plaintiff could perform jobs as a counter clerk, information clerk and telephone solicitor.

Although the vocational expert testified at the hearing that her findings were consistent with the Dictionary of Occupational Titles, AR 55, there seems to be no dispute between the parties that the vocational expert was wrong. In particular, the dictionary lists

counter clerk as a light job, not sedentary, and the only unskilled sedentary jobs listed under information clerk and telephone solicitor require frequent reaching and handling. "Under SSR 00–4p, . . . the ALJ has an affirmative responsibility to ask if the VE's testimony conflicts with the DOT, and if there is an apparent conflict, the ALJ must obtain a reasonable explanation." Terry v. Astrue, 580 F.3d 471, 478 (7th Cir. 2009).

The commissioner does not attempt to defend the accuracy of the vocational expert's opinion or the administrative law judge's failure to question her conclusions. Rather, the commissioner's only argument is that plaintiff forfeited this issue because his counsel did not raise it during the hearing. However, the commissioner ignores the holding in Overman v. Astrue, 546 F.3d 456, 463 (7th Cir. 2008), that "SSR 00–4p imposes an affirmative duty on the ALJ to inquire into and resolve apparent conflicts, [so] a claimant's failure to raise a possible violation of SSR 00–4p at the administrative level does not forfeit the right to argue later that a violation occurred," at least when "the conflicts [a]re obvious enough that the ALJ should have picked up on them without any assistance." Id. The commissioner also ignores plaintiff's argument that the conflicts were obvious in this case. In particular, plaintiff says that it should have been obvious that a *counter* clerk is not a sedentary position and that sedentary telephone solicitors and information clerks require frequent use of both hands because the agency's own rules state that. SSR 96-9p ("Most unskilled sedentary jobs require good use of both hands and the fingers; i.e., bilateral manual dexterity. Fine movements of small objects require use of the fingers; e.g., to pick or pinch. Most unskilled sedentary jobs require good use of the hands and fingers for repetitive hand-finger actions.").

8

In the absence of any argument to the contrary, I conclude that the commissioner has forfeited this issue and that a remand is required.

ORDER

IT IS ORDERED that plaintiff Matthew Fitzgerald's motion for summary judgment, dkt. #11, is GRANTED. The decision denying plaintiff benefits is REVERSED and REMANDED under sentence four of 42 U.S.C. § 405(g). The clerk of court is directed to enter judgment in favor of plaintiff and close this case.

Entered this 19th day of March, 2014.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge